UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JESS SISSON  PLAINTIFF

v.  CIVIL ACTION NO. 4:10CV-P7-M

COMMONWEALTH OF KENTUCKY
SIXTEENTH JUDICIAL CIRCUIT COURT  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A(b) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff Jess Sisson, a convicted inmate at the Hopkins County Jail, filed this *pro se* civil action against the Commonwealth of Kentucky Sixteenth Judicial Circuit Court in Kenton County alleging that he was unlawfully sentenced when he was not guilty of a crime. He claims that unlawful evidence was used in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 1, 2, 3, 7, and 11 of the Kentucky Constitution. He filed his action on a court-approved form for filing a civil rights action pursuant to 42 U.S.C. § 1983 but in the caption also lists 28 U.S.C. §§ 2241, 2254, and 2255. In the relief section of the form, he asks for $50,000 in money damages "Because of Hardship and mental stress, and unlawful Imprisonment" and further asks the Court to "Reverse Sentence/28 USC - 2241,-2254,-2255." Plaintiff also attaches a one-page handwritten document entitled "28 U.S.C. - 2241 - 2254 - 2255," wherein he asks the Court to "reverse verdict of sentence on case: 2008-CR-00726."

Plaintiff cannot seek relief under all of these statutes in one action. Because Plaintiff filed his action on a § 1983 form and seeks damages in addition to injunctive relief, the Court construes his action as being brought under § 1983.

A § 1983 action cannot be maintained because the state criminal court is not a person subject to suit under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), and it is immune from liability under the Eleventh Amendment. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *King v. Montgomery County Sheriff's Dep't*, No. 00-5688, 2001 WL 505937, at *1 (6th Cir. May 4, 2001) ("The district court properly dismissed the Montgomery County Circuit Court because, unless expressly waived, a state, its agencies and state officials sued in their official capacity are immune from an action under the Eleventh Amendment, and the Montgomery County Circuit Court did not waive its right to be sued in this case.").

Further, any § 1983 action challenging the validity of a state court conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

To the extent that Plaintiff is raising constitutional challenges to and seeking reversal of a Kenton Circuit Court conviction, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 following exhaustion of available state court remedies. A state prisoner's immediate

or speedier release from incarceration is available only under § 2254, not § 1983. Section 2241 applies to pretrial state-court issues or federal execution-of-sentence issues, and § 2255 applies only to challenges to federal sentences. Neither § 2241 nor § 2255 appears to apply to Plaintiff's situation.

In conclusion, Plaintiff has failed to state a § 1983 claim upon which relief may be granted, he may only seek immediate release by way of a § 2254 petition, and neither § 2241 nor § 2255 is applicable.

For the reasons set forth more fully above, the Court will dismiss the instant action by separate Order.

Date:


cc: Plaintiff, *pro se*
4414.005